## C. J. STEIN vs. GIDEON WEST.

### ON EXCEPTIONS.

IN AN ACTION for malicious arrest the Court charged the jury that if they found defendant was not actuated by malice the verdict must be for defendant;

HELD, this instruction, given without qualification and definition of legal malice, was likely to mislead the jury and so a new trial ordered.

Opinion of the Court by McCULLY, J.

Action for malicious arrest.

The plaintiff took the following exceptions : " After His Honor the presiding Justice had charged the jury he was asked by the defendant's counsel to charge that if the jury found defendant was not actuated by malice the verdict must be for the defendant ; that this charge was given, and excepted to by the plaintiff's counsel."

The rule of law is well stated in Field on Damages, that "the general principle in such cases free from any express malice is that the party injured may recover the actual damage suffered in consequence of the imprisonment, including counsel fees and other expenses incurred in procuring a discharge, loss of time, interruption of business and bodily and mental suffering." And evidence to show that defendant acted in good faith and without malice (in the sense of malevolence) cannot be considered for the purpose of diminishing actual (proven) damage suffered.

But the instruction asked for and given by the Court permitted the jury to consider that the whole case for the plaintiff depended on the proof of malice in popular sense, *i. e.*, ill will, angry feeling, and that the defendant would not be liable for an arrest which might involve legal malice only, as for instance, being without probable cause, or for a matter not coming within the terms of the statute, the defendant having no ill will. This instruction, given without qualification and definition of legal malice, was likely to mislead a jury, and we think a new trial should be had. And it is so ordered.

F. M. Hatch for plaintiff.

S. B. Dole and J. M. Davidson for defendant.

Honolulu, May 23, 1882.